489 S.E.2d 1

Michael R. MOORE, an Infant Under the Age of Eighteen Years, who Sues By and Through Carolyn R. KNIGHT, His Next Friend, and Carolyn R. Knight, Individually, Plaintiffs Below, Appellants,

v.

WOOD COUNTY BOARD OF EDUCATION and Gary Douglas Kiger, Defendants Below, Appellees.

No. 23738.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 15, 1997.

Decided June 2, 1997.

William L. Jacobs, William O. Merriman, Jr., Parkersburg, for Appellants.

Daniel A. Ruley, Jr., Richard J. Wolf, Steptoe & Johnson, Parkersburg, for Appellees.

PER CURIAM:

This action is an appeal from a July 16, 1996 order of the Circuit Court of Wood County granting summary judgment in favor of the Appellees, the Board of Education of Wood County and Gary Douglas Kiger, in a negligence action brought by the Appellants, Michael R. Moore and his mother, Carolyn R. Knight. On appeal, the Appellants ask this Court to reverse the ruling of the circuit court and order a trial on the merits. This Court has before it the petition for appeal, all matters of record, and the briefs of counsel. For the reasons stated below, the judgment of the circuit court is reversed as to the Appellee Board of Education and the case is remanded.

At the time of the events giving rise to this lawsuit, Michael Moore was a thirteen-year-old seventh grader at VanDevender Junior High School. The Appellants allege that at approximately 3:45 p.m. on the afternoon of April 15, 1994, Michael sustained injuries to his neck and shoulder when an older student picked him up and slammed him to the ground while both students were waiting for the bus after school. The Appellants submitted an affidavit to the circuit court in which Michael stated that the incident took place in the area where buses park to pick up students, and that there were no teachers or adult personnel in the vicinity. An affidavit by Gary Kiger, the principal of VanDevender Junior High and an Appellee herein, stated on information and belief that the incident occurred in the long jump pit, and that it happened suddenly, when Michael Moore splashed water on the other student. The principal's affidavit also stated that he and two teachers were on afterschool supervision duty ("bus duty") that day.

Michael and his mother (on his behalf and individually) sued the Board of Education and the principal in the Circuit Court of Wood County for $150,000 in physical and mental injuries and pain and anguish, including $10,000 in past and future medical expenses. The Appellees filed a motion to dismiss under West Virginia Rule of Civil Procedure 12(b)(6), supported by the complaint and the principal's affidavit. The Appellants submitted the affidavit of Michael Moore in opposition. The judge treated the motion as one for summary judgment, and concluded that the Wood County Board of Education was immune from liability under West Virginia Code section 29–12A–5(a)(5) (1992). The court determined, therefore, that there was no genuine issue of material fact and that the school board and principal were entitled to judgment as a matter of law. It is from this order that the Appellants appeal to this Court. They assign as error the court's treatment of the Appellees' motion to dismiss as a motion for summary judgment, and the court's grant of summary judgment based on immunity.

■ We address first the Appellants' assertion that the circuit court's treatment of the motion to dismiss as a motion for summary judgment was improper. Rule 12(b) of the West Virginia Rules of Civil Procedure provides that a motion to dismiss under Rule 12(b)(6) shall be treated as a motion for summary judgment if matters outside the pleadings are presented to and not excluded by the court, requiring further that all parties be given reasonable opportunity to present other material pertinent to a motion for summary judgment. Here, the parties submitted affidavits and briefs. The Appellees represent and the Appellants do not dispute that the judge gave the parties ample notice that he intended to treat the motion as one for summary judgment. Further, the record reflects that after receiving both parties' briefs on the motion to dismiss, the court gave the parties additional time to submit any further written arguments or authorities. We therefore find no error in the circuit court's treatment of the motion to dismiss as a motion for summary judgment.

■ We now turn to the more significant issue, whether the grant of summary judgment was appropriate in this case. This Court has often observed that "[a] motion for

summary judgment may only be granted where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Syl. Pt. 2, *Mandolidis v. Elkins Indus.*, 161 W.Va. 695, 246 S.E.2d 907 (1978). Our review of summary judgment is de novo. Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). This Court is not limited to the legal grounds relied upon by the circuit court, and may affirm or reverse a decision on any independently sufficient ground. *Murphy v. Smallridge*, 196 W.Va. 35, 36–37, 468 S.E.2d 167, 168 (1996).

## IMMUNITY

The circuit court based its grant of summary judgment on its finding that the Board of Education in this case was immune from suit by virtue of West Virginia Code section 29–12A–5(a)(5) (1992). A brief review of local governmental immunity for county school boards is helpful in interpreting that provision. In 1982, this Court determined that "[l]ocal boards of education do not have state constitutional immunity [or] common law governmental immunity from suit." Syllabus, *Ohio Valley Contractors v. Board of Ed.*, 170 W.Va. 240, 293 S.E.2d 437 (1982). That decision reversed *Boggs v. Board of Education*, 161 W.Va. 471, 244 S.E.2d 799 (1978), and was part of a larger trend to eliminate common-law immunity for local governments.[1] In 1986, the legislature enacted Article 12A, Chapter 29 of the West Virginia Code, the West Virginia Governmental Tort Claims and Insurance Reform Act, for the purpose of limiting liability of political subdivisions and providing immunity to them in certain instances. *See* W.Va.Code § 29–12A–1 (1992). We upheld the constitutionality of the Act in *Randall v. Fairmont City Police Dept.*, 186 W.Va. 336, 412 S.E.2d 737 (1991).

Section 29–12A–3(c) (1992) includes county boards of education within the definition of "political subdivision." Section 29–12A–4 (1992) sets out the circumstances in which a

political subdivision, including a county board of education, may be held liable for damages. It states that political subdivisions generally are not liable for damages "in a civil action for injury, death, or loss to persons or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." The Act sets out five exceptions to this general rule, including two situations relevant to the case before us: first, section 29–12A–4(c)(2) states that "[p]olitical subdivisions are liable for injury, death, or loss to persons or property caused by the negligent performance of acts by their employees while acting within the scope of employment;" second, section 29–12A–4(c)(4) adds that "[p]olitical subdivisions are liable for injury, death, or loss to persons or property that is caused by the negligence of their employees and that occurs within or on the grounds of buildings that are used by such political subdivisions, including, but not limited to, office buildings and courthouses, but not including jails, places of juvenile detention, workhouses, or any other detention facility."

The Appellants have alleged negligent supervision by school employees on school grounds. This claim comes within the exceptions set out in Code sections 29–12A–4(c)(2) (negligent acts by employees acting within the scope of their employment) and (c)(4) (negligence by employees occurring on grounds of buildings used by a board of education) quoted above, and in the absence of some overriding immunity these sections allow a negligence action against a local school board in these circumstances.

Code section 29–12A–5 (1992) lists seventeen specific situations in which a political subdivision is immune from liability. The circuit court found that the school board in this case was immune by virtue of section 29–12A–5(a)(5), which provides: "A political subdivision is immune from liability if a loss or claim results from: ... (5) Civil disobedi-

1. The holding in *Ohio Valley Contractors* followed the abolition of the common-law rule of municipal governmental immunity from tort liability in *Long v. City of Weirton*, 158 W.Va. 741, 214 S.E.2d 832 (1975). For a review of the demise of common-law immunity for municipal governments, see *Randall v. Fairmont City Police Dept.*, 186 W.Va. 336, 340–41, 412 S.E.2d 737, 741–42 (1991).

ence, riot, insurrection or rebellion or the failure to provide, or the method of providing, police, law enforcement or fire protection. . . ." The court interpreted the intent of this exception as "clearly to the effect that a political subdivision is immune from liability where the loss is suffered by reason of the formulation of a policy for protection of its constituents or the 'method' of providing such protection." In applying this provision to the Wood County Board of Education, the circuit court has extended it beyond its plain meaning. As this Court said in syllabus point three of *Beckley v. Crabtree,* 189 W.Va. 94, 428 S.E.2d 317 (1993), "[t]he phrase 'the method of providing police, law enforcement or fire protection' contained in W.Va.Code § 29–12A–5(a)(5) refers to the formulation and implementation of policy related to how police, law enforcement or fire protection is to be provided." A county school board's policy regarding supervision of students on school grounds is neither police, law enforcement, nor fire protection, and the immunity cited by the circuit court does not therefore apply.

■ The Appellees urge this Court to uphold the circuit court's finding of immunity because the Appellants have made no showing of a special duty owed to them as individuals separate and apart from the general "public duty" owed to the public as a whole. Such a showing is not necessary in this case. We held, in *Randall,* that section 29–12A–5(a)(5), which protects municipal governments from liability for injuries resulting from the method of providing law enforcement and fire protection, incorporates the "public duty doctrine." As such, a claim that would otherwise be barred by governmental immunity by virtue of that provision may be pursued if the claimant can show the existence of a special duty or special relationship. *Id.* at 347, 412 S.E.2d at 748.[2] In the case before us, we have determined that the claim is not barred by any provision of the Governmental Insurance and Tort Claims Reform

Act, but rather is specifically allowed as an exception to the general rule of immunity from suit by sections 29–5A–4(c)(2) and (c)(4). As such, the Appellees' arguments regarding the existence of a special duty are inapposite.

■ Having determined that the Wood County Board of Education is not immune from suit, we note that the analysis of immunity with respect to the Appellee, Gary Douglas Kiger, as principal of VanDevender Junior High School, is governed by a separate statutory provision. As this Court said in syllabus point one of *Crabtree:*

> West Virginia Code § 29–12A–5(b) provides that employees of political subdivisions are immune from personal tort liability unless "[h]is or her acts or omissions were manifestly outside the scope of employment or official responsibilities; (2)[h]is or her acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; or (3)[l]iability is expressly imposed upon the employee by a provision of this code."

Neither the complaint nor the supporting materials contain any indication that Mr. Kiger acted outside the scope of his employment or that he acted with a malicious purpose, in bad faith, or in a reckless manner. Similarly, there is no other statutory provision imposing liability on the principal. This provision constitutes a separate and sufficient basis for the circuit court's grant of summary judgment as to the Appellee, Kiger. We therefore affirm the summary judgment as to the individual Appellee.

## NEGLIGENCE

■ Given that the circuit court's grant of summary judgment based on immunity was not proper as to the Appellee board of education, we look to the merits of the negligence claim. "In an action founded on negligence the plaintiff must show affirmatively the defendant's failure to perform a duty

---

2. In *Parkulo v. West Virginia Board of Probation and Parole,* 199 W.Va. 161, 483 S.E.2d 507 (1996), the issue was state immunity, but Justice Albright reviewed the development of the law of local government immunity in West Virginia, and the development of the public duty doctrine and its exception for "special relationships," in order to shed light on the issue of governmental immunity of the State. at 170–174, 483 S.E.2d at 516–20. In the instant case, however, a specific statute dictates our result.

owed to the former proximately resulting in injury[.]" Syl. Pt. 1, in part, *Keirn v. McLaughlin*, 121 W.Va. 30, 1 S.E.2d 176 (1939). Thus the negligence issue is three-fold: (1) did the board of education owe a duty to Michael Moore while he was on school grounds waiting for the school bus; (2) was there a breach of that duty; and (3) was that breach of duty the proximate cause of Michael Moore's injuries. *See Yeager v. Morgan*, 189 W.Va. 174, 177–78, 429 S.E.2d 61, 64–65 (1993).

This Court has not previously addressed whether a county board of education has a duty to supervise children on school grounds while they await the arrival of a school bus. Both parties have directed our attention to numerous cases from other jurisdictions discussing tort liability of schools for injuries resulting from negligent supervision of students. For a summary, see Allan E. Korpela, Annotation, *Tort liability of public schools and institutions of higher learning for injuries resulting from lack or insufficiency of supervision*, 38 A.L.R.3d 830 (1971 & Supp. 1996). Although the standard is articulated variously as a duty of reasonable care, prudent care, ordinary care, or the care a parent of reasonable prudence would exercise under similar circumstances, virtually all courts that have considered the issue have concluded that school personnel have a duty to exercise supervision over pupils during school hours on school grounds. *See generally id.* at 841–42 and cases cited therein.

In *Yeager*, this Court concluded that a school bus driver had a duty to use reasonable care to insure students' safe departure from a school bus. In that case we relied on Code section 18–5–1 (1992), which gives teachers and bus drivers the authority to stand in the place of parents or guardians while school children are in their care. 189 W.Va. at 178, 429 S.E.2d at 65. This provision, together with the time-honored admonition in *Deputy v. Kimmell*, 73 W.Va. 595, 603–04, 80 S.E. 919, 923 (1914) (citations omitted) that "[c]hildren, wherever they go, must be expected to act upon childish instincts and impulses; and others who are chargeable with a duty of care and caution

toward them, must calculate upon this, and take precaution accordingly," formed the basis for our finding that a bus driver has a duty to exercise reasonable care. These same provisions would support an analogous duty by teachers and other school personnel to exercise reasonable care during school hours.

Several courts have found that this duty extends to students leaving after school has been dismissed, at least as long as they are still on school grounds. *See, e.g., District of Columbia v. Royal*, 465 A.2d 367, 369–70 (D.C.1983) (upholding trial court's finding that District of Columbia negligently failed to supervise students awaiting transportation home at north side of school grounds, which was location of construction site where accident occurred); *Miller v. Yoshimoto*, 56 Haw. 333, 536 P.2d 1195, 1199 (1975) (state's duty of reasonably supervising students during their presence at school includes duty to supervise while students are leaving school immediately after the school day ends). *See generally* Korpela, *supra*, § 11. Given the duty to exercise reasonable care while children are in school, and the duty found in *Yeager* to use reasonable care in supervising children on the school bus, it follows that school personnel have a duty to use reasonable care to protect students from harm while waiting on school grounds for the school bus to take them home.[3]

Assuming that county boards of education have a duty to exercise reasonable care in supervising children while they are on school property after school awaiting the school bus, there remain the questions of whether that duty was breached and if so, whether that breach was the proximate cause of Michael Moore's injuries. This Court has often observed that negligence cases are not typically well-suited for disposition by summary judgment. In syllabus point five of *Hatten v. Mason Realty Co.*, 148 W.Va. 380, 135 S.E.2d 236 (1964), we stated that "[q]uestions of negligence, due care, proximate cause and concurrent negligence present issues of fact for jury determination when the evidence pertaining to such issues is conflict-

---

**3.** The Appellees do not appear to dispute the existence of a general duty of ordinary care in supervising students. Their argument that the board of education owed no "special duty" to the Appellants in this case is addressed elsewhere in this opinion.

ing or where the facts, even though undisputed, are such that reasonable men may draw different conclusions from them."

At a minimum, the record indicates that there was a genuine issue of material fact regarding the existence of supervision. Principal Kiger submitted by way of affidavit that he and two teachers were assigned to bus duty on the day in question. The affidavit of Michael Moore, however, indicates that there were no teachers or adult personnel in the vicinity. In the case before us, we are of the opinion that the trial court erred in granting summary judgment in favor of the Appellees. The Appellants[4] have made a prima facie case of negligence which is not barred by the immunity granted to municipal governments, and the issues presented therein are questions for determination by the jury.

For the reasons set out in this opinion, we affirm the judgment of the circuit court as to Gary Douglas Kiger, reverse the judgment as to the Wood County Board of Education, and remand this case to the circuit court for a trial in accordance with this opinion.

Affirmed, in part; reversed, in part; and remanded.

---

**4.** The Appellees assert that the Appellants made no allegations that would support an action by the mother on her own behalf. This issue was not addressed by the court below, and we therefore do not take it up on appeal. *See* Syl Pt. 1, *State Rd. Comm'n v. Ferguson,* 148 W.Va. 742, 137 S.E.2d 206 (1964). If, on remand, the court determines this to be the case, it should dismiss Carolyn Knight, individually, from the suit.