# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Jamal Redman,**
**Plaintiff Below, Petitioner**

**FILED**

September 27, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 13-0090** (Grant County 11-C-63)

**South Branch Career and Technical Center,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jamal Redman, by counsel Harley O. Staggers, Jr., appeals the Circuit Court of Grant County's order denying his motion for new trial following a defense verdict in petitioner's negligence suit against Respondent South Branch Career and Technical Center. Respondent, by counsel Charles R. Bailey and Kelly C. Morgan, filed a response. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

This appeal stems from petitioner's civil action in which petitioner alleged that respondent failed to supervise its students, resulting in petitioner being struck and injured by a fellow student on December 8, 2009. Petitioner was a seventeen-year-old high school student enrolled in respondent's building and construction trade program in Petersburg, West Virginia.[1] The case proceeded to a three-day jury trial and ended with a defense verdict for respondent.

The evidence at trial is summarized as follows: On December 8, 2009, during a class break when the instructor was not present, petitioner asked repeated sexually explicit and vulgar questions to another student, Dale Alt, regarding Mr. Alt's relationship with another student's sister. This other student, Roger Redman, was present with petitioner and Mr. Alt during the break. Specifically, petitioner asked Mr. Alt if he was "getting any [expletive]" from Roger Redman's sister. In addition to Roger Redman and Dale Alt, four students witnessed and testified to petitioner's conduct. These witnesses confirmed that Roger Redman twice warned petitioner to stop talking about his sister, but that petitioner continued to ask Mr. Alt the same question. At that point, after two warnings, Roger Redman struck petitioner in the face.

---

[1]Respondent is multi-county vocational and technical school serving Grant, Pendleton, and Hardy Counties.

1

The evidence revealed that respondent's teacher allowed the students to leave the classroom to go to an area of vending machines, called the "Snack Shack," located about thirty feet from the classroom door. The teacher generally allowed students, mostly high school juniors and seniors, to return to the classroom at their leisure. The teacher was not present in the classroom when the incident occurred because he was locking the Snack Shack. The evidence showed that once Roger Redman struck petitioner, the teacher was summoned and responded to the scene within seven seconds.

At trial, respondent argued that it had no actual or constructive notice that Roger Redman was violent or that petitioner was in danger. In other words, respondent disputed that the teacher could have reasonably anticipated the altercation between petitioner and Roger Redman. Additionally, respondent contended that its action or inaction did not proximately cause petitioner's injuries, but that petitioner's provocation of Roger Redman and Roger Redman striking petitioner constituted superseding, intervening acts that barred petitioner's negligence claim against respondent. The jury returned a verdict for respondent after approximately twenty-five minutes of deliberation.

Petitioner filed a motion for new trial raising five alleged errors, three of which are raised in this appeal: (1) the court's refusal to give petitioner's proposed instruction number 1 and giving respondent's proposed instructions 13 and 14; (2) the court's exclusion of evidence regarding Roger Redman breaking a window at Moorefield High School prior to the altercation; and (3) the court's sanction of petitioner's counsel as a result of his unprofessional behavior surrounding a deposition of Dr. Bolton, respondent's Rule 30(b)(7) representative. The circuit court denied petitioner's motion for new trial by order on December 6, 2012. From this order, petitioner appeals to this Court.

On appeal, petitioner's first assignment of error is that the circuit court refused to give an instruction that petitioner claims (1) was a correct statement of the law; (2) was not covered by the charge actually given; and (3) incorporated petitioner's theory that schools have a duty to supervise children and to anticipate that children will act like children. The court struck the following language from petitioner's proposed instruction number 1:

> In considering what is reasonable care you should note that children wherever they go must be expected to act upon childish instincts and impulses; and others who are chargeable with the duty of care and caution toward them, must calculate upon this and take precaution accordingly. [citation omitted]. Therefore, if you find by a preponderance of the evidence that no teacher was supervising the students in the classroom when Jamal Redman was attacked and injured, you may find that Defendant is liable for the injuries which resulted and award Mr. Redman the damages he has shown resulted from his injuries.

Petitioner argues that this language is taken from *Moore by and through Knight v. Wood County Board of Education,* 200 W.Va. 247, 489 S.E.2d 1 (1997), and is consistent with the principle of *parens patrae* in West Virginia Code § 18A-5-1(a), which establishes that teachers stand in the place of parents while children are at school. Petitioner's theory at trial was that respondent's supervision of the classroom was not reasonable because the teacher was required

2

to be outside of the building (opening and closing the Snack Shack) while the students were left alone.

Respondent's instruction number 13 addressed the foreseeability that petitioner would be injured. The following language was included at the end of the instruction: "If you find that Defendant could not foresee the student's conduct which caused the injury, then there can be no duty owed to Plaintiff by Defendant and you should find in favor of Defendant." Petitioner challenges inclusion of this sentence, arguing that *Moore* does not require foreseeability. Respondent's instruction number 14 read, in part, that "[r]easonable supervision does not require continuous and constant supervision nor does it require control of all students' movements and activities." Petitioner argues that *Moore* and West Virginia Code § 18A-5-1(a) require control of all students from the time they reach school until they get home. Petitioner contends that the striking of his language from instruction 1 and the inclusion of the above-quoted language constitutes reversible error.

In Syllabus Point 6 of *Tennant v. Marion Health Care Foundation, Inc.,* 194 W.Va. 97, 459 S.E.2d 374 (1995), this Court held:

> The formulation of jury instructions is within the broad discretion of a circuit court, and a circuit court's giving of an instruction is reviewed under an abuse of discretion standard. A verdict should not be disturbed based on the formulation of the language of the jury instructions so long as the instructions given as a whole are accurate and fair to both parties.

In Syllabus Point 4 of *State v. Guthrie,* 194 W.Va. 657, 461 S.E.2d 163 (1995), this Court held:

> A trial court's instructions to the jury must be a correct statement of the law and supported by the evidence. Jury instructions are reviewed by determining whether the charge, reviewed as a whole, sufficiently instructed the jury so they understood the issues involved and were not mislead by the law. A jury instruction cannot be dissected on appeal; instead, the entire instruction is looked at when determining its accuracy. A trial court, therefore, has broad discretion in formulating its charge to the jury, so long as the charge accurately reflects the law. Deference is given to a trial court's discretion concerning the specific wording of the instruction, and the precise extent and character of any specific instruction will be reviewed only for an abuse of discretion.

Regarding petitioner's instruction number 1, respondent does not assert that the "childish impulses" language is an incorrect statement of the law. Rather, the basis for respondent's objection and the court's refusal to include the language was that the facts of the present case were distinguishable from *Moore,* which involved thirteen and fourteen-year-olds. In this case, Roger Redman was seventeen and petitioner nearly seventeen. Petitioner's provocation of Roger Redman was neither childish nor impulsive. It was sexually vulgar and intended to incite Roger Redman. Accordingly, we agree with the circuit court's analysis and do not find the striking of petitioner's proposed language to be reversible error under the fact of this case.

3

As to the court giving respondent's instruction 13 and 14, we find that the instructions were based on case law, albeit from other states, that was more factually relevant to the present case. As respondent argued, West Virginia's negligent supervision cases primarily involve students fourteen years old and younger. This case does not involve a typical school setting with young students. Rather, respondent is a vocational school where students go voluntarily from their home high school to be trained to be skilled workers. The record showed that respondent's teachers set forth at the beginning of school a higher expectation of maturity from the students, which the students acknowledged. We do not find that the court erred in its formulating its instructions.

Second, and similar to his first assignment of error, petitioner argues that the court's instruction also erroneously required petitioner to prove prior bad conduct by Roger Redman. Respondent's instruction 13, which was given to the jury, included the following statement:

> Actual or constructive notice to the school of prior similar conduct is generally required because school personnel cannot reasonably be expected to be guarded against all of the sudden, spontaneous acts that take place among students on a daily basis. An injury caused by the impulsive, unanticipated acts of a fellow student ordinarily will not give rise to a finding of negligence, absent proof of prior conduct that would have put a reasonable on notice to protect against the injury-causing act.

Petitioner contends that Roger Redman punched a window at Moorefield High School earlier in the day prior to arriving at respondent's facility, but the court precluded introduction of this evidence at trial. Stated another way, petitioner argues that the instruction required proof of evidence that he was not allowed to introduce. We disagree. The record demonstrates that the court's basis for excluding evidence that Roger Redman broke the window was that respondent had no knowledge of it. Moorefield High School did not notify respondent of any such incident. Moreover, petitioner conducted no discovery of anyone at Moorefield High School to determine whether they notified respondent of this incident prior to Roger Redman being transported to respondent's facility. Therefore, we do not find that the court erred by including the above language from respondent's instruction 13.

In his final assignment of error, petitioner argues that the circuit court abused its discretion by sanctioning petitioner's counsel for unprofessional conduct surrounding a deposition of respondent's Rule 30(b)(7) representative. As this assignment of error bears no impact on the denial of petitioner's motion for new trial, we decline to address it in this decision.

For the foregoing reasons, we affirm.

Affirmed.

4

**ISSUED:**  September 27, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II