**FILED**
**April 5, 2023**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Donald W. and Rachel W., Guardians and Next Friends of E.W.,**
*Plaintiffs Below, Petitioners*

**vs.)  No. 22-0086** (Monroe County No. 2018-C-14)

**Monroe County Board of Education,**
*Defendant Below, Respondent*

## MEMORANDUM DECISION

Petitioners Donald W. and Rachel W., Guardians and Next Friends of E.W., appeal the January 11, 2022, order denying their Rule 59(e) motion to alter or amend a November 19, 2021, order from the Circuit Court of Monroe County that granted summary judgment to respondent, the Monroe County Board of Education ("the Board") on petitioners' action regarding an incident involving their then-seven-year-old daughter, E.W., while she was riding on a Monroe County school bus.[1]

The parties' statements of facts are contradictory, and petitioner's citations to the record are slim. However, the parties appear to agree that on an afternoon bus ride home from school on December 5, 2017, E.W. and another seven-year-old female student, A.E. (together "the girls"), were seated together covered by a jacket. Allegedly, the girls put their hands down each other's pants and kissed each other. At some point, possibly while the girls were still on the school bus, another student ("A.R.") told the bus driver that the girls were talking about or doing inappropriate things.

In a deposition, the bus driver said he did not see anything unusual. However, the bus driver admitted that A.R. approached him four times on the bus ride on December 5, 2017. The bus driver said that the first time A.R. approached him, she did not say anything about the girls. The second time, A.R. let him know something had occurred regarding the girls which she wanted to talk to him about. The third time, which the driver alleged occurred *after* A.E. and E.W. exited the bus, A.R. "spilled it all out" regarding the girls. And the fourth time, A.R. "talked about [the incident] some more." Other students may have also mentioned the girls' behavior to the bus driver.[2]

---

[1] Petitioners appear by counsel W. Mark Burnette and Jeffrey S. Rodgers. The Board appears by counsel Chip E. Williams and Jared C. Underwood.

[2] Petitioners claim in their brief that a video recording taken on the bus shows that "four different students, including the victim, made at least eight separate trips to tell the bus driver what was happening." However, petitioners fail to cite where in the record there is any evidence to

(Continued . . .)

The next day, the bus driver told the school's assistant principal what A.R. said. The bus driver and assistant principal then spoke with the principal who, in turn, spoke with the girls. The girls admitted to the incident. That same day, E.W.'s parents were informed of the incident. A.E. was punished with a three-day suspension, E.W. was moved to a different classroom, and the girls were assigned different seats on the bus. As required by West Virginia Code § 49-2-803, the principal timely reported the incident to the West Virginia Department of Health and Human Resources ("DHHR"), the West Virginia State Police, and the Board's resource officer. Thereafter, the DHHR advised that the incident did not meet the legal definition of an "abused or neglected child" and, therefore, it did not assign the incident for further assessment.

In 2018, petitioners filed this action against the Board alleging that (1) the bus driver negligently breached his duty to protect E.W. from harm when he failed to supervise the students on the bus; (2) the Board negligently breached its duty to train its employees to prevent child abuse, neglect, and assault by failing to establish training programs; and (3) the Board negligently failed to properly supervise its employees.

The Board moved for summary judgment, asserting that it was immune from liability under the Governmental Tort Claims and Insurance Reform Act ("Tort Claims Act"), W. Va. Code § 29-12A-4(c), as petitioners failed to establish a prima facie case of negligence. On November 19, 2021, the circuit court granted summary judgment to the Board finding that, because petitioners could not establish that the Board (or its bus driver) was negligent, the Board was immune from suit under the Tort Claims Act. *See* W. Va. Code § 29-12A-4(c)(4).

Petitioners now appeal a central question: whether the circuit court erred in finding there was no question of material fact regarding whether the Board or its bus driver were negligent.[3] "A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994). A circuit court may enter summary judgment "only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syl. Pt. 3, in part, *Aetna Cas. & Sur. Co. v. Fed. Ins. Co. of New York*, 148 W. Va. 160, 133 S.E.2d 770 (1963).

To show a school board was negligent and strip it of immunity, a plaintiff must show the board (1) owed a duty to the student, (2) breached that duty, and (3) the breach proximately caused the injury. *Moore by and through Knight v. Wood Cnty. Bd. of Educ.*, 200 W. Va. 247, 252, 489 S.E.2d 1, 6 (1997). In *Glaspell v. Taylor County Board of Education*, No. 14-0175, 2014 WL

---

support this claim. Moreover, respondent asserts that petitioners failed to submit the video to the circuit court for review. We reiterate that Rule 10(c)(4) of the Rules of Appellate Procedure requires that a brief contain "a statement of the facts of the case" that is "[s]upported by appropriate and specific references to the appendix[.]"

[3] While petitioners' brief essentially raises one issue, we note that petitioners raise three different attacks on the circuit court order: that the circuit court granted summary judgment on all of petitioners' claims when the Board's motion for summary judgment focused on the bus driver's negligence; that the circuit court misinterpreted rulings by this Court; and that the circuit court appeared to adopt facts asserted by the Board and not those asserted by petitioners.

5546480, at \*3 (W. Va. Nov. 3, 2014) (memorandum decision), we reiterated that "without a breach of duty giving rise to the claim of negligence, [a school board] is entitled to immunity under the Tort Claims Act. W.Va. Code §§ 29-12A-1 to -18 (2013)." In *Glaspell*, we held that a school board did not breach its duty of care when it failed to notice students engaging in a choking game because the school board and its employees did not know about the game. *Id.* We found that "[i]t is not feasible for school employees to be able to see what every student is doing . . . at every moment throughout a school day[.]" *Id.*

Here, the record shows that all of petitioners' claims hinged on a central issue: whether the bus driver was negligent. The circuit court granted summary judgment on all of petitioners' claims because it found that neither the bus driver nor the Board breached any duty owed to petitioners. Petitioners failed to establish any factual question indicating that the bus driver (or any other employee of the Board) had actual knowledge of the incident involving the girls while it occurred. Further, neither the bus driver nor any other Board employee had actual knowledge of a potential for harm between the girls, as A.E. had no history of assaulting other children and there was no evidence of any prior incident involving the girls. Petitioners did not offer any evidence that the bus driver had witnessed or was aware of other such incidents, and the record shows the bus driver promptly reported the single incident that petitioners allege. On this record, we find no indication the bus driver breached a duty of care toward petitioners and, accordingly, could not be found negligent. In the absence of negligence by the bus driver, petitioners' negligent training and supervision claims against the Board must also fail as a matter of law. Moreover, in addition to failing to establish a breach of any duty, petitioners failed to offer evidence that the Board or its employees proximately caused an injury to E.W. Accordingly, we find no error in the circuit court's decision to grant summary judgment.[4]

Affirmed.

**ISSUED:** April 5, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

---

[4] In their complaint, petitioners also sought a declaratory judgment that West Virginia law required the Board to implement a child abuse protection program. *See* W. Va. Code § 18-5-15c. Petitioners briefly note this part of their complaint on appeal and argue that the record supports petitioners' claim that the Board has failed to establish such a program for "lack of funding." Because the declaratory judgment question is only cursorily presented in petitioners' brief, we decline to address it further.

3